**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY PLUHAR, | ) | CASE NO. 1:16CV2051 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN BRIAN COOK, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Timothy Pluhar's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation. The Court **DENIES** Grounds One, Six and Seven and **DISMISSES** Grounds Two through Five and Amended Grounds Three (A) and (B) as procedurally defaulted.

**I. BACKGROUND**

On April 25, 2014, the State of Ohio indicted Petitioner on thirteen counts including Rape, Sexual Battery, Kidnaping, Tampering with Evidence, Tampering with Records and Falsification. On August 6, 2014, Petitioner pleaded guilty to one count of Rape, one count of Tampering with Evidence and two counts of Sexual Battery. The trial court found Petitioner

"knowingly, voluntarily and with full understanding of his rights entered his change of plea." (ECF #15-2, PageID# 295-96). On September 8, 2014, the trial court sentenced Petitioner to a total of eighteen years.

On October 5, 2014, Petitioner filed a notice of appeal. The appellate court affirmed Petitioner's convictions on August 20, 2015. On October 2, 2015, Petitioner filed a notice of appeal with the Ohio Supreme Court. The Ohio Supreme Court declined jurisdiction on December 2, 2015.

On October 20, 2015, Petitioner filed an application to reopen his direct appeal under Ohio Appellate Rule 26(B). The appellate court denied the application on April 6, 2016. Petitioner did not appeal this decision.

On July 11, 2016, Petitioner filed the current Petition under 28 U.S.C. § 2254. He alleged the following Grounds for Relief:

> **GROUND ONE:** Plea was not knowingly agree [sic] because the court failed to inform defendant consequences of violating sex offender registration rules would result in additional felony charge.
>
> **GROUND TWO:** The Maximum sentence imposed by the trial court is not supported by the record and is contrary to law.
>
> **GROUND THREE:** The trial court erred by imposing a near maximum sentence on each count of sexual battery.
>
> **GROUND FOUR:** The trial court erred by imposing consecutive sentences for rape and sexual battery.
>
> **GROUND FIVE:** The trial court's specification as sexual predator is against the manifest weight of the evidence.
>
> **GROUND SIX:** Trial counsel was ineffective for failure to discover felony charges exceeded the statute of limitations that existed at the time of the alleged action.

**GROUND SEVEN:** The felonies charged exceeded the statute of limitations as they existed at the time of the alleged action.

On September 30, 2016, Petitioner amended his Petition, alleging the following new Grounds for Relief:[1]

**AMENDED GROUND THREE (A):** Insufficient Indictment supports § 2254 actual innocence requirement.

**AMENDED GROUND THREE (B):** Violation of Sixth Amendment right to confront witness against Defendant/Petitioner.

This Court referred the Petition to Magistrate Judge Thomas M. Parker for a Report and Recommendation. On September 13, 2018, the Magistrate Judge issued his Report and Recommendation, in which he recommended that the Court dismiss the Petition as procedurally defaulted. On October 3, 2018, Petitioner mailed his Objection to the Report and Recommendation.

## II. LAW AND ANALYSIS

Petitioner makes three specific objections to the Report and Recommendation:[2] 1) the Magistrate Judge erred when he determined Petitioner procedurally defaulted Grounds One through Five because he did not fairly present the Grounds as violations of federal law; 2) even if Grounds One through Five are procedurally defaulted, Petitioner claims this Court must

---

[1] Petitioner's Amended Grounds One, Two, Six and Seven were the same as the Original Petition. Petitioner's Amended Ground Four combined the Original Grounds Three and Five. Finally, Petitioner's Amended Ground Five is the same as Original Ground Four.

[2] Under Local Rule 72.3, the Court makes a *de novo* determination of those portions to which Petitioner objects. *See also* Rule 8(b)(4) of the Rules Governing § 2254. Petitioner did not object to the Magistrate Judge's Recommendation regarding Grounds Six and Seven, as well as Amended Grounds Three (A) and (B). Accordingly, the Court accepts and adopts the Magistrate Judge's Recommendation regarding these Grounds.

excuse the default due to the ineffective assistance of Petitioner's appellate counsel; and 3) the Magistrate Judge erred when he determined this Court should not issue a Certificate of Appealability. For the following reasons, Petitioner's objections are without merit.

**Federal Claims**

With the exception to Ground One, the Court agrees with the Magistrate Judge that Petitioner did not present his claims as federal violations and thus procedurally defaulted Grounds Two through Five.

A habeas petitioner must exhaust all possible state court remedies, or have no remaining state remedies, prior to petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)-(c). This requirement is satisfied when a petitioner has given "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "full and fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.*; *Picard v. Conner*, 404 U.S. 270, 275-76 (1971).

To fairly present a claim to state court, a petitioner must assert both the legal and factual basis for his claim. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). "Accordingly, a 'petitioner must present his claim to the state courts as a federal constitutional issue - not merely as an issue arising under state law.'" *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *Koontz v. Gloosa*, 731 F.2d 365, 368 (6th Cir. 1984)); *see also Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) (a claim based solely on an error of state law is not redressable through the federal habeas process).

General allegations of the denial of a "fair trial" or "due process" are insufficient to "fairly present" federal constitutional claims. *Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989). Rather, the Sixth Circuit has stated that a petitioner can take four actions in order to fairly present his federal claim in state court:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*Flucher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (citing *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)).

In *Williams v. Anderson*, the petitioner did not argue his federal constitutional claim to the Ohio Supreme Court, even though he raised federal claims to the court of appeals. 460 F.3d at 806. In his brief to the Ohio Supreme Court, Williams did not mention the Due Process Clause, the U.S. Constitution or the Fourteenth Amendment, nor did he cite a single Supreme Court case. *Id.* at 807. Furthermore, the Ohio court cases he did cite did not address relevant federal constitutional law. *Id.* The Sixth Circuit thus determined that Williams failed to properly raise a federal constitutional issue and found petitioner's habeas claims procedurally defaulted. *Id.*

Similar to the petitioner in *Williams*, Petitioner here has not raised a federal constitutional issue.[3] Grounds Two through Five are issues of state law. Petitioner argued these same Grounds throughout the state appellate court process. While Petitioner cited issues pertaining to Double Jeopardy and "cruel and unusual punishment" in his appellate briefs, those issues related to his

---

[3]With exception to Ground 1, discussed below.

Evidence Tampering charge. Petitioner has since abandoned that argument in his current Petition. Further, Petitioner cannot create a federal constitutional issue simply by using stock phrases such as "due process" or "cruel and unusual punishment." *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006).

Because Petitioner failed to fairly present Grounds Two through Five as federal constitutional issues throughout the state appellate process, his claims are procedurally defaulted.

**Cause and Prejudice to Excuse Procedural Default**

Since Petitioner procedurally defaulted Grounds Two through Five, he must establish cause and prejudice to excuse his default.[4] Petitioner argues that his procedural default is excused by his appellate counsel's ineffective assistance.

Cause is found when a habeas petitioner demonstrates "'some objective factor external to the defense' prevented the petitioner's compliance with a procedural rule." *Bonnilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Ineffective assistance of appellate counsel may serve as cause to overcome procedural default. *Dietz v. Money*, 391 F.3d 804, 809 (6th Cir. 2004). In certain circumstances, counsel's ineffectiveness in failing to properly preserve the claim for review in state court will serve as cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

Before a claim of ineffective assistance of appellate counsel may be used to establish cause for procedural default, a petitioner must first present the issue to the state courts as an independent claim. *Dietz*, 391 F.3d at 809 (citing *Edwards*, 529 U.S. at 452). Accordingly, the

---

[4] While Petitioner could also demonstrate his actual innocence to excuse his procedural default, Petitioner has not attempted to advance that argument. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (procedural default may be excused by a claim of actual innocence).

excuse that appellate counsel provided ineffective assistance can itself be procedurally defaulted. *Edwards*, 529 U.S. at 453. In Ohio, claims of ineffective assistance of appellate counsel must be raised in a delayed motion for reconsideration in the state appellate courts before asserting them on habeas review. *See* OHIO R. APP. P. 26(B); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001) (citing *State v. Murnahan*, 63 Ohio St.3d 60 (1992)).

Here, Petitioner's claim that his procedural default should be excused due to his appellate counsel's ineffective assistance fails. First, Petitioner's appellate counsel presented the procedurally defaulted claims on appeal to the state appellate court. Appellate counsel made a strategic decision to argue claims she thought had the most merit. This strategic decision of counsel cannot serve as ineffective assistance of counsel. *See Garza v. Idaho*, 586 U.S. ___, ____ (2019) (slip op., at 7) ("[T]he choice of what specific arguments to make within [an] appeal belongs to appellate counsel").

Second, Petitioner's claim of ineffective assistance of appellate counsel is itself procedurally defaulted. While it is true that Petitioner filed a Motion for Reconsideration under Rule 26(B), he based his Motion on a separate issue than the issue currently before the Court. Petitioner's Motion argued his appellate counsel provided ineffective assistance by failing to raise as a claim his trial counsel's ineffective assistance. Petitioner's Motion was not based on appellate counsel's failure to raise claims for relief as federal claims - which is the claim Petitioner now makes to the Court. Since Petitioner failed to raise his ineffective assistance of appellate counsel claim for failure to argue federal issues before the state appellate court, Petitioner's claim is procedurally defaulted. Thus, it cannot serve as cause to excuse his procedural default of Grounds Two through Five.

Finally, even if Petitioner adequately preserved his ineffective assistance of appellate counsel claim in his Rule 26(B) Motion, he failed to exhaust the claim further to the Ohio Supreme Court. The state appellate court denied Petitioner's Rule 26(B) Motion on the merits. Petitioner did not challenge this ruling to the Ohio Supreme Court. Accordingly, Petitioner failed to exhaust his ineffective assistance of appellate counsel claim. *See Burke v. Warden*, 2018 WL 3374811, at *2 (6th Cir. June 11, 2018) (failure to litigate ineffective assistance of counsel claim after denial of Rule 26(B) Motion resulted in procedural default), *cert. denied*, – S.Ct. –, 2019 WL 113330 (Jan. 7, 2019).

Accordingly, Petitioner's ineffective assistance of appellate counsel claim cannot serve as cause to excuse his procedural default.

**Ground One**

The Magistrate Judge determined Petitioner also procedurally defaulted Ground One because Petitioner never fairly presented the claim as a federal constitutional violation throughout his state appeals. Giving Petitioner the benefit of the doubt however, the Magistrate Judge also determined that Ground One fails on the merits. According to the Magistrate Judge, Petitioner failed to identify any clearly established federal law that Ohio courts violated or unreasonably applied in concluding that his guilty plea was valid.

In presenting Ground One to the Ohio Supreme Court, Petitioner relied on *State v. Veney*, 120 Ohio St.3d 176 (2008). *Vaney* relied heavily on *Boykin v. Alabama*, 395 U.S. 238 (1969), when it determined a plea colloquy must strictly comply with the duties of Ohio Criminal Rule 11(C)(2)(c). 120 Ohio St.3d at 181. Giving Petitioner the benefit of the doubt, Petitioner fairly presented Ground One to the Ohio Supreme Court because he relied on a state case employing

federal constitutional analysis. However, the Court agrees with the Magistrate Judge that Ground One fails on its merits.

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d) provides the writ shall not issue unless the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Id.* at 409-11.

A guilty plea is valid so long as it is both voluntary and intelligent. *Brady v. United States*, 397 U.S. 742, 747 (1970) (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). The trial court must ensure a defendant is aware of the relevant circumstances and likely consequences of a guilty plea. *Id.* at 748. Thus, the defendant must be fully aware of the direct consequences of his plea. *Id.* at 755. However, the trial court is not constitutionally obligated to inform the defendant of all the possible collateral consequences of the plea. *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). In that vein, the Sixth Circuit has repeatedly determined that sex offender registration is a collateral consequence to which a trial court need not inform a defendant. *See*

*Leslie v. Randle*, 296 F.3d 518 (6th Cir. 2002); *Collopy v. Warden, Noble Correctional Institution*, 2018 WL 6334252 (6th Cir. Oct. 25, 2018); *Blumenthal v. Curley*, 2013 WL 7141279 (6th Cir. Apr. 1, 2013); *United States v. Cottle*, 355 F. App'x 18 (6th Cir. Dec. 1, 2009).

The Ohio appellate court denied Petitioner's Ground One on the merits. This decision was not objectively unreasonable. The appellate court analyzed relevant law and determined the trial court was not required to inform Petitioner of the consequences of registering as a sex offender. Federal courts agree. Thus, the appellate court's determination was not cotnrary to federal law.

Further, even if the trial court were obligated to inform Petitioner of the consequences, a review of the transcripts indicates that the trial court satisfied the obligation. On multiple occasions, the trial court confirmed Petitioner understood and was aware of the ramifications of the plea. Thus, Petitioner cannot seriously contend that he was unaware of the details of his plea.

Accordingly, the Court agrees with the Magistrate Judge and determines Petitioner has failed to identify any clearly established federal law that Ohio courts violated or unreasonably applied in concluding that his guilty plea was valid. Ground One fails on its merits.

**Certificate of Appealability**

Finally, Petitioner objects to the Magistrate Judge's Recommendation that this Court not issue a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "That standard is met when 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner.'" *Welch v. United States*, 136 S.Ct. 1257, 1263 (2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)). The standard is also met when jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Petitioner has not met his burden in making a substantial showing of the denial of a constitutional right. As discussed, most of Petitioner's claims are procedurally defaulted because he failed to allege a violation of a constitutional right. Further, those claims are not excused by the alleged ineffective assistance of his appellate counsel. Finally, even giving Petitioner the benefit of the doubt on Ground One that he had fairly presented a constitutional violation, case law clearly dictates that the trial court did not violate Petitioner's constitutional rights.

Accordingly, the Court agrees with the Magistrate Judge and will not issue a Certificate of Appealability.

### III. CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, **DENIES** Grounds One, Six and Seven and **DISMISSES** Grounds Two through Five and Amended Grounds Three (A) and (B) of Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b); Rule 11 of Rules Governing § 2254 Cases.

**IT IS SO ORDERED.**

    **s/ Christopher A. Boyko**

**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: March 12, 2019**